# Diana M. Viskup v. John H. Viskup

[552 A.2d 400]

No. 87-333

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed July 15, 1988

*Richard F. Taylor*, Middlebury, for Plaintiff-Appellee.

*Ouimette & Runcie*, Vergennes, for Defendant-Appellant.

**Gibson, J.** Defendant appeals an order of the Addison Superior Court denying his motion to modify the divorce decree for an award of child support. We reverse.

## I.

The parties were divorced in 1985. The trial court awarded custody of the two minor children to defendant, but plaintiff was not required to pay any child support. In 1986, defendant filed a motion to modify the final divorce order and to request an award of child support. Defendant asserted unanticipated change in circumstances, alleging in part that plaintiff, unemployed at the time of the initial divorce decree, was now employed. The trial

court denied defendant's motion, and this decision was upheld by this Court in *Viskup* v. *Viskup*, 149 Vt. 89, 539 A.2d 554 (1987).[1]

On April 1, 1987, sweeping changes in the child support laws went into effect in this state. See 15 V.S.A. §§ 650-663. On May 27, 1987, defendant again filed a motion to modify the final divorce decree, requesting an award of child support. The trial court dismissed defendant's motion, stating that 15 V.S.A. § 660 (the new law) provided for modification of child support orders only when there has been a prior award of child support. As an alternative basis of support for its decision, the court stated that there was then pending before this Court an appeal pertaining to precisely the same issue as raised by defendant (defendant's first appeal to this Court, *Viskup*, 149 Vt. 89, 539 A.2d 554).

Defendant appeals this latest denial of his request for an order of child support. First, defendant argues that the trial court erred by holding that 15 V.S.A. § 660 allowed modification of a child support order only when there had been a prior award of child support. Second, defendant contends that the trial court erred in determining that defendant's motion was identical to the appeal then pending before this Court. Finally, defendant requests that, should this Court remand the cause to the trial court, we instruct the court that any child support awarded should be made retroactive under the new guidelines to the date this motion was first heard by the trial court.

## II.

Defendant brought this motion pursuant to 15 V.S.A. § 660, which provides in pertinent part that:

> (a) On petition of either parent or any other person to whom support has previously been granted, or any person previously charged with support, and upon a showing of a real, substantial and unanticipated change of circumstances, the court may annul, vary or modify a child support order, whether or not the order is based upon a stipulation or agreement.
>
> (b) A child support order, including an order in effect prior to adoption of the support guideline, which varies

---

[1] This Court, however, reversed the trial court's acceleration of the property disposition award. *Viskup* v. *Viskup*, 149 Vt. 89, 91, 539 A.2d 554, 556 (1987).

more than 15 percent from the amounts required to be paid under the support guideline, shall be considered a real, substantial and unanticipated change of circumstances.

The trial court interpreted these sections as providing for modification of child support orders only when there previously has been an award of child support. We believe the court took a much too narrow approach in construing this statute.

If the meaning of a statute is plain on its face, this Court must enforce it in accordance with its express terms. *Montgomery* v. *Brinver Corp.*, 142 Vt. 461, 463, 457 A.2d 644, 645 (1983). The plain meaning rule, however, like all other rules of statutory construction is no more than an aid in this Court's efforts to discern legislative intent. *Hill* v. *Conway*, 143 Vt. 91, 93, 463 A.2d 232, 233 (1983). The fundamental rule, underlying all other rules of statutory construction, is that this Court must give effect to the intent of the Legislature. *In re A.C.*, 144 Vt. 37, 42, 470 A.2d 1191, 1194 (1984); see also *State* v. *Desjardins*, 144 Vt. 473, 475, 479 A.2d 160, 161 (1984) (rules of statutory construction are not talismans; they are merely aids to be disregarded in appropriate cases). We find that the intent evidenced by the Legislature in enacting these new laws supports defendant's assertion that a motion for modification may be made even when there previously has been no award of child support.

Under the new child support laws, the trial court "shall require payment of a nominal support amount" from noncustodial parents even though their income falls below the lowest gross income figure in the support guidelines or below the self-support reserve. 15 V.S.A. § 656(b). Thus, it is clear that the Legislature in enacting the new child support laws intended to require at least a nominal child support award in all cases.[2] Since no one is to be exempt from the obligation to pay child support, it follows that the Legislature intended § 660 to apply in all cases as well. Construing § 656(b) in conjunction with § 660(a) and (b) reveals a legislative intent to allow modification of a child support order whether or not there previously had existed an award of child support. See *Emmons* v. *Emmons*, 141 Vt. 508, 512, 450 A.2d 1113, 1115 (1982) ("[S]tatutes dealing with the same subject matter should be construed with reference to each other as parts of

---

[2] We recognized the existence of this question in our original decision involving these same parties. See *Viskup*, 149 Vt. at 92 n.2, 539 A.2d at 556 n.2.

one system."). Further, the remedial purpose for which the legislation was enacted, see 15 V.S.A. § 650, requires a liberal construction so as to give full force and effect to the intentions of the Legislature. See *Grenafege* v. *Department of Employment Security*, 134 Vt. 288, 290, 357 A.2d 118, 120 (1976). We conclude, therefore, that the Legislature intended the modification of support section of the new law to apply even where there had been no previous award of child support. See *In re A.C.*, 144 Vt. at 42, 470 A.2d at 1194 (Court will construe statute so as to give effect to the purpose for which it was enacted).[3]

## III.

Having determined that the primary basis on which the trial court rested its decision was incorrect, we must now examine the court's alternative basis: that defendant had raised the same issue at the hearing as was then pending before this Court. While defendant did in fact have an appeal pending before this Court on the issue of child support, the child support issue before the trial court was based upon the new child support law, while the issue on appeal to this Court dealt with the modification of a divorce decree under the previous law. The difference lay in the fact that under the previous law, defendant was not necessarily entitled to an award of child support; the decision not to make such an award at the time of the divorce was within the sound discre-

---

[3] At the hearing before the trial court, plaintiff argued that 15 V.S.A. § 660(a) required a parent to have been awarded child support in order to make a motion for modification. We believe this is an incorrect construction of the statute, which begins: "On petition of either parent *or* any other person to whom support has previously been granted . . . ." 15 V.S.A. § 660(a) (emphasis added). The term "or" should not be interpreted in the conjunctive manner, as limiting persons who may seek modification of child support orders to parents who have been awarded child support, or any other person who has been awarded child support. As stated in the text of this opinion, this construction would contradict the express purpose of the statute to provide for the true costs of raising children. See 15 V.S.A. § 650. Further, this construction does not follow traditional rules of statutory construction in that there is no support for plaintiff's construction when the child support laws are viewed in their entirety. See *Morse* v. *Tracy*, 91 Vt. 476, 478, 100 A. 923, 924 (1917) (disjunctive clause may be taken in conjunctive sense when it is obvious such was the intention of the Legislature from an examination of the act as a whole); cf. 15 V.S.A. § 668 (parallel language in statute relating to modification of custody could not be construed to require that a parent be awarded custody initially in order to file a motion for modification of the custody award).

tion of the trial court, and defendant failed to prove that there had been a real, substantial and unanticipated change in circumstances. *Viskup,* 149 Vt. at 91-92, 539 A.2d at 556-57.

The law in effect herein, however, provides that a child support order which varies by more than 15 percent from the child support guideline, "including an order in effect prior to adoption of the support guideline," would constitute "a real, substantial and unanticipated change of circumstances," thus supporting a motion for modification of the child support order. 15 V.S.A. § 660(b). The change in the applicable law created an issue distinct from the child support issue previously before this Court. The doctrines of collateral estoppel and res judicata do not apply to new issues and claims that did not exist when defendant filed his first motion for modification. See *Berisha v. Hardy,* 144 Vt. 136, 138, 474 A.2d 90, 91 (1984) (examination of the effects of doctrines of collateral estoppel and res judicata). Cf. V.R.C.P. 62(d), 80(j) (allowing for modification of divorce orders during pendency of appeal). Therefore, we hold that the trial court's alternative basis for its decision is unsupportable as a matter of law.

## IV.

Defendant requests that, upon remand, we instruct the trial court that a child support order under the new child support laws should be made retroactive to June 25, 1987, the date of the original hearing before the trial court on this matter. Defendant argues that the intent of the Legislature, to allow children to maintain the same standard of living as if their parents had never been divorced, see V.S.A. § 654, requires retroactive application of the statute to the date of the original hearing. Defendant is unable, however, to point to any legislative directive that prescribes an effective date for a modification order.

Modification of child support orders may be made retroactive to the date of filing of the motion seeking modification, at the discretion of the trial court. *Towne v. Towne,* 150 Vt. 286, 288, 552 A.2d 404, 406 (1988); see also *Trezevant v. Trezevant,* 403 A.2d 1134, 1138 (D.C. 1979) (allowing retroactive modification of child support orders to any date back to and including date of filing of motion for modification). Therefore, while the trial court, in the proper exercise of its discretionary powers, may make the child support order retroactive to the date of the hearing on this

matter, or even to the date of defendant's filing for a modification of the divorce decree, the trial court is not required, as a matter of law, to settle on any one, individual date.

*Reversed and remanded.*