## Donna F. Towne v. John L. Towne

[552 A.2d 404]

No. 87-236

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J.
(Ret.), Specially Assigned**

Opinion Filed July 15, 1988

Motion for Reargument Denied August 23, 1988

*George E. Rice, Jr.,* Montpelier, for Plaintiff-Appellee.

*John L. Towne, pro se,* Montpelier, Defendant-Appellant.

**Gibson, J.** Defendant appeals an April 3, 1987, order of the Washington Superior Court, raising a variety of issues. We affirm in part, but remand for the trial court to determine the appropriate effective date for a reduction in defendant's child support payments.

On August 20, 1987, this Court remanded the cause to the trial court for a hearing on defendant's visitation rights. On September 8, 1987, defendant filed a motion to amend his child support payments. Following hearings on October 30, 1987, and December 1, 1987, the trial court denied defendant's request for specific visitation rights, and reduced defendant's child support payments. The trial court found that defendant went on disability leave at half

pay on August 28, 1987, and that his income continued at this rate until he was placed on disability retirement at an even lesser rate on November 24, 1987. The court, by oral order from the bench issued at the close of the hearing on December 1, 1987, ordered a reduction in defendant's child support payments effective October 30, 1987, until November 24, 1987, when his support payments were further reduced to reflect his reduced disability pension benefits.

█ The issue presented is apparently one of first impression in this state: may a court order a retroactive modification in child support, and if so, what date may the court determine to be the effective date for retroactive modification of the support payments. The controlling statute, 15 V.S.A. § 660, is silent on this question, and there does not appear to be any relevant statutory history.

While this state has no apparent precedent, a number of other states have squarely addressed this issue. The various jurisdictions are divided, however. Compare, e.g., *Sexton* v. *Sexton*, 32 Ohio App. 2d 344, 349, 291 N.E.2d 542, 545 (1971) (court may only modify support payments prospectively), with, e.g., *Casterline* v. *Burden*, 560 S.W.2d 499, 501-02 (Tex. Civ. App. 1977) (allowance of retroactive modification of support obligations to the date of filing of the motion to modify the payments). We find the latter line of cases to be more persuasive for the following reason:

> If the order increasing [or decreasing] the obligation were required to be prospective from the date of its entry, then the party owing the support obligation [or the party to whom such obligation is due] could by dilatory tactics postpone his obligation to pay increased [or decreased] support almost indefinitely, regardless of how circumstances might have changed. Such a result would defeat the purpose of the changed circumstances rule.

*Trezevant* v. *Trezevant*, 403 A.2d 1134, 1137 (D.C. 1979) (footnote omitted). Cf. *Cyrus* v. *Mondesir*, 515 A.2d 736, 738-39 (D.C. 1986) (interpretation of statute so as to allow retroactive child support awards for children born out of wedlock in order to bar "an incentive for men to avoid their child support obligations for some period of time by delaying the process of adjudicating paternity."). We find this rationale persuasive and hold that a modi-

fication of a child support obligation may be ordered to take effect retroactively.*

As to the appropriate effective date for such retroactive modification, the published cases that address the issue generally hold that modification may be allowed as of any reasonable date on or after the date of filing of the motion to amend the support order, within the sound discretion of the trial court. See, e.g., *McArthur v. McArthur*, 106 So. 2d 73, 76 (Fla. 1958); *Cole v.* Cole, 44 Md. App. 435, 448, 409 A.2d 734, 742-43 (1979); *Harris v. Harris*, 259 N.Y. 334, 336-37, 182 N.E. 7, 8 (1932). But see, e.g., *Armstrong v. Armstrong*, 15 Cal. 3d 942, 946, 544 P.2d 941, 943, 126 Cal. Rptr. 805, 808 (1976) (child support modification orders may be enforced only prospectively). We believe that sound policy considerations support the date of filing of a motion to modify as the earliest date for making retroactive modifications of such obligations. It is a readily discernible date which will place the other party on notice that a change in support may be forthcoming, and it eliminates any incentive to delay a resolution of the dispute for modification of support payments.

The date of filing is not necessarily the only date to which retroactive modification could apply, however.

> [G]iven that the parties' circumstances may change further before a hearing on the motion can be held, we believe that any reasonable date on or after the filing of the motion may be chosen as the effective date of the order, and that this choice should be left to the sound discretion of the trial judge. *Accord, Martindell v. Martindell*, [21 N.J. 341, 355, 122 A.2d 352, 359 (1956)]; See *Fainberg v. Rosen*, [12 Md. App. 359, 387, 278 A.2d 630, 635 (1971)].

*Trezevant*, 403 A.2d at 1138. We concur with this approach. The effective date for any modification in support should be left to the sound discretion of the trial court, because it is most familiar with the often complicated history of the case and, thus, better able to make such a determination. See *Belanger v. Belanger*, 148

---

* This retroactive modification does not extend to child support payments due and unpaid as of the date of the filing of a motion to modify, as this could unconstitutionally violate a party's vested property right. See *Shuff* v. *Fulte*, 344 Ill. App. 157, 165, 100 N.E.2d 502, 506 (1951); cf. *Forte* v. *Forte*, 143 Vt. 518, 520, 468 A.2d 561, 562 (1983) (15 V.S.A. § 606 removes trial court's discretion in ordering payment of arrearages for less than the actual amount due).

Vt. 202, 204, 531 A.2d 912, 914 (1987) (function of trial court is to sift through the evidence and distill a version of events that is most accurate). An abuse of discretion "will be found only 'if the trial court fails to exercise its discretion, [or] exercises it for clearly untenable reasons or to an untenable extent.' " *Costello* v. *Costello*, 142 Vt. 124, 126, 453 A.2d 1107, 1108 (1982) (quoting *Field* v. *Field*, 139 Vt. 242, 244, 427 A.2d 350, 352 (1981)).

In the instant case, the trial court set October 30, 1987, the date of the first hearing on defendant's latest motion to modify, as the date at which retroactive modification of his support obligation would commence. Yet, defendant's applicable change in circumstances first arose on August 28, 1987, and he filed his motion to modify on September 8, 1987. The trial court stated no rationale and made no findings as to why it chose the October 30 date. While choosing such a date would be within the trial court's discretion, without any stated rationale or findings of fact on this issue, "[w]e are left to speculate as to the basis upon which the trial court . . . reached its decision. This we will not do." *Jensen* v. *Jensen*, 139 Vt. 551, 553, 433 A.2d 258, 260 (1981); see also *Mayer* v. *Mayer*, 144 Vt. 214, 217, 475 A.2d 238, 240 (1984) ("facts essential to the disposition of the case must be stated."). Therefore, we remand this case to the trial court for the narrow purpose of determining the appropriate date for a reduction in defendant's child support payments.

With respect to defendant's other allegations of error and prayers for relief, the record discloses that the evidence supports the trial court's findings of fact, which in turn support its conclusions of law. Absent a showing of abuse of discretion, the court's order will not be set aside. *Lynch* v. *Lynch*, 147 Vt. 574, 575, 522 A.2d 234, 234-35 (1987).

*Remanded for the purpose of determining the appropriate effective date for a reduction in defendant's child support payments. Affirmed in all other respects.*