## Stephen L. Klein v. Susanne T. Klein

[572 A.2d 900]

No. 89-131

Present: Allen, C.J., Peck, Dooley and Morse, JJ.

Opinion Filed February 2, 1990

*Trine Bech* of *Bech & Associates*, Hartland, for Plaintiff-Appellee.

*Susan M. Murray* of *Langrock Sperry Parker & Wool,* Middlebury, for Defendant-Appellant.

**Dooley, J.** Defendant, Susanne Klein, appeals the trial court's order for maintenance and child support. Defendant argues that the court abused its discretion and that the trial judge should have been recused from participating in this case. We reverse and remand in part and affirm in part.

This is the second time this divorce case has been appealed to this Court. The facts of the case leading up to the first appeal are described in detail in *Klein v. Klein,* 150 Vt. 466, 555 A.2d 382 (1988). The pertinent facts for this appeal are as follows.

Plaintiff and defendant were divorced in July, 1986 after an eighteen-year marriage. At the time of their divorce, plaintiff and defendant were approximately forty-seven and forty years of age respectively. In the initial divorce decree, defendant was awarded custody of the parties' two children, both of whom are now over the age of 18. The court divided the parties' property between them, but did not award spousal maintenance or child support to defendant. Defendant appealed arguing that the court abused its discretion by awarding plaintiff a disproportionate amount of property, failing to award defendant any maintenance, and failing to make a specific child support order. We affirmed the property distribution because it "fell within the range of the trial court's discretion." *Id.* at 469, 555 A.2d at 384. We found, however, that defendant was "entitled to an award of maintenance as a matter of law," but left the amount and terms of the award to the discretion of the trial court. *Id.* at 472, 555 A.2d at 386. Additionally, we concluded that child support for the daughter should be paid through the custodial parent, who in this case was defendant, and further that the original support order was unenforceably vague. *Id.* at 477–78, 555 A.2d at 389. We therefore reversed and remanded the case on the maintenance and child support issues. *Id.* at 467, 555 A.2d at 383.

On remand, the case was heard by the same superior court judge who had originally heard the case. Defendant filed a motion with the trial court to recuse the assigned superior judge, arguing first that he would be unable to rethink his prior discre-

tionary rulings and second that recusal was necessary to instill confidence in the judiciary and to avoid the appearance of impropriety. Pursuant to V.R.C.P. 40(e)(3), the court referred the matter to the Administrative Judge for Trial Courts, who denied the motion because "no reason [was] advanced sufficient to require a recusal."

A hearing was held over a two-day period in December, 1988. At the hearing, no evidence was taken but counsel for both parties presented oral arguments on the remanded issues. The court issued its order on December 22, 1988. With respect to the issue of child support, the court recognized the need for a standard by which the parties could monitor and enforce the child support obligation. Nevertheless, it found that despite this error, plaintiff had in fact met his obligations, and concluded that, "[i]n light of the findings Defendant's request for child support is deemed to be MOOT as the children are of full age." The court therefore declined to find any child support payments due to defendant. With respect to the issue of spousal maintenance, the court stated that it had already rendered findings of fact which required the court to award maintenance to defendant. The court ordered that defendant receive $250 per week from the date of the divorce decree until the death of either party or until June 1, 2000, whichever occurs first. Additionally, the court stated that remarriage is not per se grounds to terminate the maintenance award.

Both plaintiff and defendant filed motions with the trial court in response to its order. Defendant's motion asked the court to reconsider the maintenance award and to hold an evidentiary hearing on the child support issue, contending that the issue was not moot because she had made child support payments while her daughter was still a minor. Plaintiff's motion was a request for the court to issue findings of fact on the issue of maintenance. The court denied both motions, and defendant subsequently appealed to this Court.

Defendant raises three errors on appeal as follows: (1) the trial court abused its discretion in making its maintenance award; (2) the court committed reversible error in ruling that the child support issue was moot; and (3) the trial judge refused

to recuse himself from this case on remand after being reversed by this Court. We take these issues in reverse order.

Defendant's recusal argument is that the presiding trial judge abused his discretion in refusing to recuse himself from the proceedings after remand of his earlier decision. Specifically, defendant argues that it is not "humanly possible" for the trial judge to ignore his previous discretionary ruling. Additionally, defendant claims that a judge should be recused in divorce cases where there has been a remand involving discretionary issues in order to avoid the appearance of impropriety and to reinforce the litigants' confidence in the judiciary.

■ Our normal standard for recusal in divorce cases is that the party seeking disqualification must show that the judge "'could not, or did not, pass upon the facts of [the] case without bias or prejudice.'" *DeGrace v. DeGrace*, 147 Vt. 466, 469, 520 A.2d 987, 989 (1986) (quoting *Daitchman v. Daitchman*, 145 Vt. 145, 147, 483 A.2d 270, 271 (1984)). This standard is based on Code of Judicial Conduct, Canon 3C(1)(a): "[a] judge should disqualify himself in a proceeding in which . . . he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In addition, we have held that a "motion for recusal may not ordinarily be based simply on the judge's participation in earlier proceedings regarding the same case." *In re T.L.S.*, 144 Vt. 536, 543, 481 A.2d 1037, 1041 (1984). Under this standard, the motion was properly denied in this case.

■ Defendant argues, however, that the nature of domestic relations cases and the wide discretion given the trial court in such cases require a stricter recusal standard. Her argument is based in part on Canon 3C(1) of the Code of Judicial Conduct which provides that "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned." We do not agree that prior involvement in a divorce case creates a reasonable ground to question the impartiality of the court. The presumption, if any, must be of "honesty and integrity," with burden on the moving party to show otherwise in the circumstances of the case. See *In re Judy Ann's Inc.*, 143 Vt. 228, 233, 464 A.2d 752, 755 (1983). In addition, the adoption

of V.R.C.P. 40(e), which provides that recusal motions be referred to the Administrative Judge for Trial Courts, requires that the appearance of impartiality be found by a disinterested judicial officer. The Administrative Judge found no reasonable ground to question the impartiality of the trial court in this case, and we do not find good cause to overturn his determination.

Defendant next claims that the trial court failed to hear testimony regarding plaintiff's child support obligation and erroneously ruled that the child support issue was moot. The parties' younger child was nearly seventeen years of age at the time of the original divorce proceedings. Because the court may order support "until the child attains the age of majority or terminates secondary education," 15 V.S.A. § 658(c), defendant asserts that plaintiff must pay child support for the period of time while their daughter was still a minor.

The original trial court order granted custody of the parties' daughter to defendant, and required plaintiff "to give the children their allowances and support them as he has been doing." In *Klein*, we found this order "unenforceably vague," and also concluded that the child support should be paid through defendant. *Klein*, 150 Vt. at 477–78, 555 A.2d at 389. On remand, the court heard oral arguments by both parties concerning the support issue, but refused to accept any new evidence. Based upon these arguments, the court stated:

> [W]ith the exception of vacations and weekends the minor child spent the final year of her minority attending a boarding school; room, board and tuition at the boarding school were paid from a trust fund established by Plaintiff's father on behalf of the minor child; and throughout this year long period Plaintiff continued to fund the minor child's gasoline credit card and provide a regular allowance to her. In light of the findings Defendant's request for child support is deemed to be MOOT as the children are of full age.

Because the court did not take any new evidence on the issue of child support, these findings must be based upon the arguments and representations of the attorneys' for the parties.

■■ The passage of time necessarily turned the support issue into a request for a determination of arrearage under a proper order. The circumstances are somewhat unusual because there was no outstanding valid order against which to assess the arrearage request. We have held that with respect to motions to modify child support orders, the court can modify retroactively to the date of the motion. *Towne v. Towne*, 150 Vt. 286, 287–88, 552 A.2d 404, 405–06 (1988). We applied a similar principle to the remand of an improperly dismissed modification request. See *Viskup v. Viskup*, 150 Vt. 208, 212, 552 A.2d 400, 403 (1988). We see no reason to have a different rule when the request before the court is to establish an initial support order rather than modifying an existing order. Thus, the court, on remand in this case, had the power to create a retroactive order and establish an arrearage if the amount paid by plaintiff did not equal the obligation. As we emphasized in *Towne*, however, this is an area where the court had discretion. 150 Vt. at 288, 552 A.2d at 405–06. This discretion could be exercised, however, only based on the actual circumstances of the parties during the period in question. The failure to take this evidence shows that the court did not exercise the necessary discretion. Further, the support issue was not moot as determined by the trial court. In the absence of the exercise of discretion, we must remand for an evidentiary hearing on whether support is owed by plaintiff for the period when the one child was below the age of eighteen. See *McCormick v. McCormick*, 150 Vt. 431, 438, 553 A.2d 1098, 1103 (1988).

The third issue involves the maintenance award. On remand, the trial court order stated that defendant is entitled to $250 per week from the date of the divorce decree until the death of either party or until June 1, 2000, whichever occurs first. The court further held that remarriage would not be per se grounds to terminate spousal maintenance. Defendant argues on appeal that the award is too low and that she requires an annual maintenance award of $40,000 in order to remain at the standard of living established during the marriage.

The trial court faced an initial decision in this case on whether to reopen the evidence hearing on maintenance and

take evidence on the current circumstances of the parties. The information before the court was quite stale, going back to 1985 and 1986. Nevertheless, the court decided to resolve the issue of maintenance on the evidence taken in the May, 1986 hearing and refused to allow defendant to put on new evidence.

While we believe that the trial court must have some discretion on whether to take new evidence following a remand and that there are arguments supporting and opposing the wisdom of taking additional evidence, we conclude that the court should have taken new evidence in this case. Recently, in *Cleverly v. Cleverly*, 151 Vt. 351, 561 A.2d 99 (1989), we considered a divorce order following a remand. In evaluating the property disposition, we held that it was error to rely on the original valuation of the marital assets where three years had passed between the time the parties separated and the date of the post-remand hearing. *Id.* at 354–55, 561 A.2d at 101. The rationale for the decision was that "[a]n 'equitable' distribution of property, as mandated by 15 V.S.A. § 751(a), cannot be achieved by reliance on stale valuation data." *Id.* at 355, 561 A.2d at 101. Other courts have adopted a similar rationale for maintenance awards, holding that they must be based on current circumstances. See *In re Brooks*, 138 Ill. App. 3d 252, 265, 486 N.E.2d 267, 275–76 (1985); *McMahon v. McMahon*, 339 N.W.2d 898, 900 (Minn. 1983).

The critical information showing plaintiff's income and defendant's earning capacity was outdated by the time the court fashioned a maintenance award. At best, the determination of an appropriate maintenance amount, and the terms under which it should continue, would be difficult because of uncertainties about the future circumstances of the parties. At least as to the post-remand maintenance level, the court must rely on the most recent information available about the parties and their likely future circumstances. For the same reason that an equitable distribution of property could not be accomplished in *Cleverly* without current valuation data, we do not believe that the court in this case could come to a maintenance award it "deems just, after considering all relevant factors" without more current information. 15 V.S.A. § 752(b).

In reaching this decision, we acknowledge the risk, as plaintiff argues, that divorce litigants will change their behavior while the maintenance issue is on appeal to maximize their position in a post-remand hearing. Frankly, we find that risk to be small and, further, that behavioral changes can be examined during a post-remand hearing. In any event, the risk is outweighed by the gain in more timely information on which to make the maintenance decision.

■ There is another consideration that supports a remand in this case. While we decided in the first *Klein* decision that defendant was entitled to maintenance as a matter of law, we grounded our remand on the absence of "findings to show 'what was decided and why' or the 'method employed and weight accorded various factors.'" 150 Vt. at 472, 555 A.2d at 386 (quoting *Richard v. Richard*, 146 Vt. 286, 287, 501 A.2d 1190, 1190–91 (1985)). Without such findings, we could not adequately review the proceedings below to determine whether the court's order was within its discretion.

We have a similar problem with the post-remand decision. The trial court failed to articulate how it determined the amount it awarded and the weight it assigned to the factors specified by the parties. Accordingly, we cannot review whether the court properly exercised its discretion.

*Reversed and remanded.*