**Kathleen Keenan CAMISA v. Robert J. CAMISA**

[714 A.2d 641]

No. 97-083

May 8, 1998. Wife appeals from a divorce judgment, contending that the family court erred by (1) using the date of the court's initial divorce decree in calculating the proportion of retirement benefits attributable to the marriage; (2) declining to order retroactive maintenance payments and reimbursement of health insurance payments; (3) granting husband's motion to reconsider; and (4) improperly valuing certain marital assets. We affirm.

This is the second time this divorce action has come before us. The initial divorce decree became final on April 13, 1992. Husband appealed from that judgment, contending that the family court's division of marital assets was based upon erroneous findings and improperly included prejudgment interest, and that the award of maintenance was unsupported by the evidence. We reversed and remanded for a new trial, holding that the court had erred in allocating husband's pension without determining the portion of benefits acquired during the marriage (the so-called "coverture fraction"), awarding prejudgment interest on certain assets, and failing to make adequate findings to support the maintenance award of $2,000 per month to wife.

*Camisa v. Camisa,* No. 92-377 (Vt. Feb. 1, 1994) (mem.).

Following our remand, the case was retried and a new order, with new findings and conclusions, was entered in October 1996. Among other provisions, the court ordered a division of marital assets providing approximately 60% to wife and 40% to husband, and required husband to pay maintenance to wife of $1,000 per month until he retires. The court declined to order retroactive maintenance payments of $12,000, or reimbursement of health insurance premiums totalling $3,550. To accomplish the 60/40 division, the court ordered husband to pay wife the amount of $17,000, later reduced to $12,860. This appeal followed.

I.

Wife first contends the court erroneously allocated husband's retirement accounts by using the date of the initial divorce decree, April 13, 1992, as the cutoff date for determining the so-called "coverture fraction," i.e., the proportion of the retirement accounts attributable to the marriage. See *McDermott v. McDermott,* 150 Vt. 258, 261, 552 A.2d 786, 789 (1988) (in allocating pension benefits, "the court must determine what portion of the entitlement was acquired during the marriage"). Wife asserts that res judicata principles do not apply when a judgment is reversed and remanded for a new trial, and therefore the court erred in using the date of the initial divorce decree to determine when the marriage ended. She also contends the court erred in using the earlier date for measuring the pension benefits attributable to the marriage, while simultaneously considering the period since the decree for purposes of determining the value of marital assets.

The court's ruling was not based on principles of collateral estoppel or res judicata, but rather on the principle that the coverture fraction should, as the court

stated, "reflect the number of years in which both parties contributed to the growth of the pension." This period ended, in the court's view, at least at the time of the initial divorce decree, if not earlier, at the time of separation. The court's reasoning was sound. We have indicated that in calculating the portion of a spouse's pension attributable to the marriage, courts should use "that date . . . most reflective of the functional end of marriage," which most often is the date of separation. *Russell v. Russell*, 157 Vt. 295, 305, 597 A.2d 798, 804 (1991). Thus, wife was not prejudiced or improperly deprived of any benefits by the court's decision to rely on the date of the initial decree, which actually post-dated the parties' separation. Nor is there is any logical or legal reason why the court could not use the initial decree for purposes of determining the coverture fraction, while also considering the period since the initial decree for purposes of valuing the marital estate. Thus, there was no error in the court's allocation of the retirement accounts.

## II.

Wife next contends the court erred in refusing to award retroactive maintenance, and in declining to order reimbursement of certain health insurance premiums. The effective date of any maintenance order is left to the sound discretion of the trial court, and we will not disturb its decision so long as it is supported by reasonable and credible evidence. See *Chaker v. Chaker*, 155 Vt. 20, 30-31, 581 A.2d 737, 743 (1990). Pursuant to the initial divorce decree requiring spousal maintenance of $2,000 per month, husband had paid approximately $42,000 between April of 1992 and this Court's February 1994 decision reversing the judgment. In ordering spousal maintenance of $1,000 per month, the court here noted that an award retroactive to the date of the initial decree would entitle

wife to an additional $12,000 (54 months, or $54,000, less the $42,000 already paid). The court specifically declined to make the award retroactive, however, noting that wife's income and assets were higher, and husband's were lower, during the earlier period. The court also noted that it had accounted in the property division for the fact that wife had spent down her assets to meet her past needs. Wife has not demonstrated that the court's findings were unsupported by the evidence, or that its decision was unreasonable. Thus, we cannot say that the court's refusal to award retroactive maintenance represented an abuse of discretion.

Wife further contends the court erred in refusing to order husband to reimburse her for about $3,500 in health insurance premiums she paid to continue her medical coverage after she was removed from husband's policy while the initial divorce decree was on appeal. In declining to order reimbursement, the court indicated that it had accounted for the payments in its overall distribution of the assets and property division. Wife has not shown that the court abused its discretion in accounting for the payments in this fashion. See *Johnson v. Johnson*, 155 Vt. 36, 43, 580 A.2d 503, 507 (1990) (trial court enjoys wide discretion in disposition of marital estate, and we will affirm its decision absent showing that evidence fails to support findings, or findings fail to support conclusions).

## III.

Wife next contends the court erred in granting husband's motion to reconsider, which resulted in a portion of a judgment debt to Madelyn Keenan, wife's mother, being treated as a marital debt rather than a debt of husband alone. The debt and judgment arose out of a loan from Mrs. Keenan for the purchase of a car. The family court had initially determined that husband was responsible for the judgment, but the issue of prejudgment

interest was on appeal to this Court during the divorce proceedings. Husband's motion to reconsider was prompted by our decision in *Keenan v. Camisa*, No. 96-031 (Vt. Oct. 9, 1996) (mem.), affirming the superior court's ruling that prejudgment interest on the debt would accrue from the date plaintiff demanded payment rather than from the date plaintiff brought her suit. In granting the motion to reconsider, the court stated that the "significant" amount of prejudgment interest award affirmed by this Court warranted an adjustment of its original order in the interest of "fairness." The overall result of the court's ruling was to reduce the amount husband owed wife from $17,000 to $12,860.

Wife contends the court abused its discretion in granting the motion because husband had ample opportunity to litigate the issue at trial, notwithstanding the fact that the case was on appeal. The trial court enjoys broad discretion, however, to alter or amend its own judgment to avoid an injustice to a party and avoid unnecessary appeal and delay. See *Osborn v. Osborn*, 147 Vt. 432, 433, 519 A.2d 1161, 1163 (1986). The court's conclusion that the decision in *Keenan v. Camisa* required it to reconsider its initial ruling in the interest of "fairness" was well within the court's discretion.

The evidence also supported the court's conclusion that the debt was incurred on behalf of the marital estate; although the judgment was against husband, the court found that both parties discussed the loan with wife's mother and the vehicle was used as a family car. Thus, there was no error.

## IV.

Finally, wife contends the court erred by improperly valuing certain assets for purposes of the property division. As we observed in *Kanaan v. Kanaan*, 163 Vt. 402, 405, 659 A.2d 128, 131 (1995), "we will uphold the court's valuation conclusions as long as they are supported by adequate findings, which are in turn supported by sufficient evidence in the record."

Wife first contends the court erred in valuing the so-called "agency account," which consisted of husband's inheritance from his father. The court initially valued the account at $102,268, rejecting husband's lower figure of $96,000, and further found that husband had used the account as collateral for a $32,000 bank loan to pay attorney's fees for the parties' son, who had faced serious criminal charges. The court found that the son was not capable of making payments, and noted that the bank had been deducting $519 per month from the account toward payment of the loan, the balance of which stood at approximately $22,000. The court found that the loan reduced the real value of the account to $80,000. Although wife contends otherwise, the evidence supported the court's finding that the lien reduced the value of the account, and the finding was not an abuse of discretion. See *id.*

Nor did the court err in looking to the current value of the account rather than its value at the time of the first hearing, five years earlier. See *Klein v. Klein*, 153 Vt. 551, 557, 572 A.2d 900, 904 (1990) (following remand, court must rely on current rather than original valuation of assets). Although the court acknowledged that husband had made a number of withdrawals since the first hearing, it also found that husband had managed the account well, which allowed him to make the withdrawals while maintaining the principal. See *id.* at 557-58, 572 A.2d at 904 (in determining current value of assets, court may consider all relevant factors at post-remand hearing). Hence, we cannot say that the court abused its discretion in valuing the agency account.

Finally, wife contends the court erred in valuing a variety of specific assets of the parties, including cars, a boat, furni-

ture, and jewelry, resulting in a miscalculation of several thousand dollars due wife pursuant to the 60/40 property division. We have reviewed the record, and find that the evidence reasonably supports the court's assignment of values. See *Kanaan*, 163 Vt. at 405, 659 A.2d at 131.

*Affirmed.*