### Karen A. Roddy v. Frederick L. Roddy

[721 A.2d 124]

No. 97-410

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed October 2, 1998

*Pamela A. Marsh* of *Marsh and Associates, P.C.*, Middlebury, for Plaintiff-Appellant.

*F. Rendol Barlow* of *Langrock Sperry & Wool*, Middlebury, for Defendant-Appellee.

**Amestoy, C.J.** Mother appeals the family court's denial of her request to establish a "maintenance supplement" under 15 V.S.A. § 661, to be paid by her former husband for the benefit of the parties' children. We affirm the family court's ruling because mother was unable to satisfy the threshold requirement of showing a "real, substantial and unanticipated change of circumstances" since the time of the parties' original divorce and child support order.

The parties obtained an order and decree of divorce on June 30, 1993, under which mother was granted legal and physical parental rights and responsibilities for their minor children, born in 1988 and 1991. Father was ordered to pay permanent maintenance of $1,000 per month and to pay $150,000 as a full and final marital settlement.

Mother received the right to occupy the home, which was owned by father, for up to two years or until she was able to purchase, build or otherwise acquire a different home. A child support order was issued in August 1993 under which father was to pay $1,307 per month and provide the children with health insurance. On mother's motion, and based on the parties' stipulation, the court modified the child support order in December 1994 to require father to pay $1,525 per month.

In June 1995, approximately two years after the divorce order, mother filed for establishment of a maintenance supplement under 15 V.S.A. § 661(a). To support her request, mother contended that under the terms of the 1993 divorce order, she and the children had to vacate the home owned by father, that her job responsibilities had changed and that her job seemed "less secure," and that she was moving to Charlottesville, Virginia to pursue a Ph.D. in educational psychology. She also contended that she no longer lived rent-free in father's house, and now had to pay a monthly rent of $700. The magistrate denied the request on grounds that § 661(a) did not allow establishment of a maintenance supplement after a divorce had been finalized. According to the magistrate, both mother's departure from the marital residence and subsequent obligation for rent or mortgage payments were anticipated under the terms of the divorce. The magistrate found that mother "has chosen to try to circumvent the need of showing a real, substantial, and unanticipated change in circumstances by filing an action to establish maintenance supplement."

The family court reversed the magistrate's decision, finding that the plain meaning of § 661(a) permits a party to request *establishment* of a maintenance supplement at any time during which there exists an order for child support. Father appealed the family court's ruling to this Court, but the appeal was dismissed as improvidently granted.

The magistrate subsequently conducted hearings on mother's request to establish a maintenance supplement and to modify child support. In September 1996, the magistrate issued findings and conclusions on both issues. With respect to modification of child support, the magistrate concluded that mother had satisfied her burden of showing a "real, substantial and unanticipated change in circumstances," and thus increased defendant's child support obligation to $1,992 per month.[1] Regarding maintenance supplement,

---

[1] Father does not appeal the child support modification.

however, the magistrate found that although there was "no doubt that there is a disparity in the incomes of the plaintiff [mother] and the defendant [father]," mother had not satisfied her burden of showing that the disparity in incomes was resulting or would result in a lower standard of living for the children than they would have if they were living with the noncustodial parent. The magistrate noted mother's statement that the children were both happy and healthy, took swimming and riding lessons, and traveled frequently. The magistrate was not persuaded that the fact that the children borrowed books from the library, as opposed to purchasing them, and wore second hand clothing, as opposed to new, provided a basis for concluding that they were experiencing a different standard of living than they would have if they had lived with their father.

Mother appealed to the family court, claiming the magistrate had misapplied § 661(a) by finding that the parties had disparate incomes but declining to order a maintenance supplement. The family court affirmed the magistrate's decision:

> [T]here is no question the father is far more solvent, far better positioned to pay bills when they come due. But whether that "disparity has resulted or will result in a lower standard of living for the children" is quite another issue. This is not a situation where the noncustodial parent is flaunting wealth, living lavishly or otherwise setting up the troubling situation of parental inequity for the children to face.

Mother appeals the family court's affirmance of the magistrate's conclusion that she failed to satisfy the requirement of § 661(a). Father cross-appeals, claiming that § 661 does not allow a party to establish a maintenance supplement post-divorce, or that, at a minimum, a party seeking to establish a maintenance supplement post-divorce must first establish a real, substantial, and unanticipated change in circumstances.

The maintenance supplement statute, 15 V.S.A. § 661, provides as follows:

> (a) A party may request a maintenance supplement to be paid while a child support obligation arising out of an action for divorce exists. After considering the respective financial circumstances of the parties . . . the court shall order payment of a maintenance supplement to the custodial

parent to correct any disparity in the financial circumstances of the parties if the court finds that the disparity has resulted or will result in a lower standard of living for the child than the child would have if living with the noncustodial parent.

(b) Any sum awarded under this section shall be taken into consideration in making an order under section 752 of this title [establishment of maintenance].

(c) On motion of . . . any . . . person to whom a maintenance supplement has previously been granted . . . and upon a showing of a real, substantial and unanticipated change of circumstances, the court may annul, vary or modify a supplement order . . . .

15 V.S.A. § 661. Although both parties contend that the meaning of § 661 is plain, they do not agree on what § 661 means.

We first consider mother's argument that the plain meaning of § 661 permits her to bring an action for a maintenance supplement at any time while a child support obligation arising out of a divorce action exists, without a showing of a real, substantial and unanticipated change of circumstances. Mother contends that since the explicit requirement of a changed circumstance showing occurs in § 661(c) and makes direct reference only to a "person to whom a maintenance supplement has previously been granted," the Legislature intended to exclude from the "changed circumstance" requirement persons who had not received a maintenance supplement. 15 V.S.A. § 661(c). Mother emphasizes that § 661(a) provides that a person may request a maintenance supplement to be paid while a child support obligation arising out of an action for divorce exists, without making any reference to a changed circumstance requirement.

While it is true that the language of § 661(c) contemplates a showing of "changed circumstances" before a previously established maintenance supplement may be modified, that requirement does not lead inexorably to the conclusion that the initial establishment, post-divorce, of a maintenance supplement may be made *without* showing changed circumstances since the time of divorce. 15 V.S.A. § 661(c). Mother's construction would run afoul of well-settled principles of res judicata and collateral estoppel, a result we conclude was

not intended by the Legislature.[2] Subsection (c)'s required showing of "real, substantial and unanticipated change of circumstances" demonstrates legislative concern that principles of res judicata and collateral estoppel be preserved in connection with maintenance supplement proceedings conducted after divorce and child support orders are final. Assuming for purposes of argument that mother can satisfy the substantive standard under § 661(a), but is unable to show changed circumstances since the time of her divorce, she only proves the rule: she could have, and should have, sought the maintenance supplement in connection with the original divorce and child support proceeding. "[N]o one is entitled to break a case down into a myriad of single issue actions to obtain the desired judgment. Judicial time schedules and fairness to one's opponent prohibit this practice." *B & E Corp. v. Bessery*, 130 Vt. 597, 601, 298 A.2d 544, 546 (1972).

Mother's construction would foster troublesome and absurd results. A party who responsibly raised the maintenance supplement issue during the pendency of a divorce and child support action, and to whom a supplement was awarded, would be required to show changed circumstances in order to modify the supplement post-divorce. See 15 V.S.A. § 661(c). An identically situated party who did not raise the supplement issue during the divorce action would be permitted to seek a maintenance supplement with no showing of changed circumstances. See 15 V.S.A. § 661(a). Mother's interpretation creates an incentive to forego requesting a maintenance supplement until sometime after the divorce and child support orders are issued thereby delaying fair and final resolution of the issues. This Court construes statutes to avoid absurd results manifestly unintended by the Legislature. See *In re Cottrell*, 158 Vt. 500, 504, 614 A.2d 381, 383 (1992).

Father's plain meaning argument would similarly lead to results not intended by the Legislature. Although father concedes that § 661 does not expressly prohibit an independent maintenance supplement action, he contends that § 661(c) is exclusive and limits such actions

---

[2] Res judicata bars litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially similar. See *Berlin Convalescent Center v. Stoneman*, 159 Vt. 53, 56, 615 A.2d 141, 143 (1992). The doctrine covers claims that were actually litigated, as well as those which could have been litigated. See *id.* at 56, 615 A.2d at 143-44. Collateral estoppel or issue preclusion bars the subsequent relitigation of an issue which was actually litigated and decided in a prior case between the parties resulting in a final judgment on the merits, where that issue was necessary to the resolution of the case. See *id.* at 56, 615 A.2d at 144.

to a "person to whom a maintenance supplement has previously been granted." 15 V.S.A. § 661(c). Because mother has not been previously granted a maintenance supplement, father asserts that she is not entitled to establish a maintenance supplement post-divorce. Father's interpretation of § 661 would require us to construe paragraph (a), which provides that "[a] party may request a maintenance supplement to be paid while a child support obligation arising out of an action for divorce exists," to limit establishment of maintenance supplements to requests made only during the pendency of a divorce action. 15 V.S.A. § 661(a).

■ The fundamental rule of statutory interpretation is to give effect to the intent of the Legislature. See *Viskup v. Viskup*, 150 Vt. 208, 210, 552 A.2d 400, 401 (1988). To that end, this Court analyzes not only a statute's language, but also the "subject matter, its effects and consequences, and the reason and spirit of the law." *In re R.S. Audley, Inc.*, 151 Vt. 513, 517, 562 A.2d 1046, 1049 (1989). First and foremost, we reject the contention that the Legislature intended to preclude altogether the establishment of a maintenance supplement post-divorce, as father's construction of § 661 would require. The purpose of § 661, by its clear language, is "to correct any disparity in the financial circumstances of the parties if the court finds that the disparity has resulted or will result in a lower standard of living for the child than the child would have if living with the noncustodial parent." 15 V.S.A. § 661(a). Despite the ambiguous reference to "maintenance" in the provision's title, the statute clearly serves the purpose of safeguarding children's — instead of parents' — interests, and therefore may be viewed as a component of child support generally. We held in *Viskup* that the Legislature intended to allow parents to seek establishment of child support post-divorce, even though the parent had not made the request at the time of the original adjudication of divorce and child custody. See 150 Vt. at 211, 552 A.2d at 402. We now hold that the Legislature intended the same principle to apply to maintenance supplements under § 661. See *Emmons v. Emmons*, 141 Vt. 508, 512, 450 A.2d 1113, 1115 (1982) (holding that statutes dealing with "same subject matter should be construed with reference to each other as parts of one system").

■ Where, however, a party seeks establishment of a maintenance supplement under § 661 after a divorce and child support order have become final, the party must satisfy the threshold showing of a "real, substantial and unanticipated change of circumstances"

under § 661(c) before the family court may consider the substantive standard of § 661(a). See *Viskup*, 150 Vt. at 211-12, 552 A.2d at 402 (allowing initial establishment of child support post-divorce on showing of real, substantial and unanticipated change of circumstances). Because mother errs in contending that she is not required to make a showing of real, substantial, and unanticipated change of circumstance in order to establish a maintenance supplement post divorce, the order denying her request is affirmed.

*Affirmed.*