In Re: Ladd, No. S1510-02 CnC (Katz, J., Aug. 31, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

IN RE LADD

ENTRY

Petitioner challenges his classification under the offender reintegration program. 28 V.S.A. §§ 721–726. Specifically, petitioner argues that his crime, gross negligent operation of a motor vehicle with injury resulting, is not a "listed crime." 28 V.S.A. § 722(2). The importance being that a "listed crime" would double the amount of time that he would have to spend in the program before he became eligible for its benefits. 28 V.S.A. § 725. As petitioner notes, this challenge does not go to his liberty interest and is, therefore, not eligible for judicial review of due process. Parker v. Gorczyk, 170 Vt. 263, 278 (1999).

Instead, petitioner argues that the Department has violated the statutory criteria defining a "listed crime." The provision in question lists several crimes including: "careless or negligent operation resulting in serious bodily injury or death as defined in section 1091(c) or (d) of Title 23." 13 V.S.A. § 5301(7)(X) (cross referenced by 28 V.S.A. § 722(2)). Petitioner points out that he was convicted under § 1091(b). The problem with petitioner's argument is two-fold. First, this is merely a back-door attack on his classification. Without a liberty interest, petitioner has no right to appeal the Department's classification, and we have no standing to review it. Parker, 170 Vt. at 277. Second, to the extent that petitioner may challenge the Department's interpretation of "listed crimes" under V.R.C.P. 75, we find petitioner's argument problematic. While the statute explicitly refers to §1091, neither (c) nor (d) has anything to do with defining careless or negligent operation. So while petitioner was not convicted under either of these sections, he was convicted of gross negligent operation of a motor vehicle with injury resulting, which is part of the "listed crime." Choosing to ignore the reference to the wrong sections to implement the remainder of the section makes more sense than a literalist approach that would nullify the section entirely. Roddy v. Roddy, 168 Vt. 343, 348 (2000). To that extent we decline petitioner's invitation to challenge the Department's use of "listed crimes."

Based on the foregoing, defendant's motion for summary judgment is granted. Case dismissed.

Dated at Burlington, Vermont_____, 2004.

_____
Judge