2007 VT 139

## Steve Bergman v. Margaret Marker

[944 A.2d 265]

No. 06-079

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed December 21, 2007

*Steve Bergman,* Pro Se, Essex, Plaintiff-Appellee.

*Paul D. Jarvis* of *Jarvis and Kaplan,* Burlington, for Defendant-Appellant.

¶ 1. **Dooley, J.** Mother appeals an order of the family court, establishing father's child support obligation. We affirm in part and remand for further proceedings regarding the starting date of father's support obligation.

¶ 2. The following facts are not disputed. Mother and father were married in Vermont in 1999, and lived in Vermont immediately following their marriage. The parties had one child together, born in Vermont on September 23, 2000. Approximately two weeks after the child's birth, the parties separated, and mother left Vermont for New York. While in New York, mother brought a proceeding to obtain custody of the child. Father did not appear in that proceeding, and on April 3, 2001, the New York court awarded mother sole custody, with such visitation for father as "the parties shall mutually agree."

¶ 3. On July 9, 2001, father initiated divorce proceedings in Vermont, seeking a divorce, division of the marital property and spousal maintenance. The complaint stated that "[j]urisdiction of

all matters relating to the minor child [shall] remain vested in the State of New York." By this time, mother had moved to Florida. Mother answered the divorce petition agreeing with the statement of New York jurisdiction and declined to request child support in the divorce action. At a case manager's conference, she confirmed that she did not want a child support order. On December 21, 2001, the Chittenden Family Court issued a final order, granting father a divorce and dividing the marital property. Thereafter, on its own initiative, see 15 V.S.A. § 658(a), (b), the court scheduled a child support hearing, but canceled it with a scheduling order bearing the handwritten notation: "[Vermont] does not have juris-[diction] over child."

¶ 4. On August 1, 2003, father filed a motion in the divorce proceeding to "establish child support & specify parent-child contact." The motion alleged that mother was preventing father's visitation with the child in Florida and had filed a petition in a Florida court, seeking termination of father's parental rights based on his nonpayment of child support. The court dismissed the request for parent-child contact concluding that jurisdiction over that request was in the Florida courts. It referred the child-support request to the magistrate, who denied the motion for a child-support order, apparently concluding that Florida had exclusive jurisdiction over child support. On appeal, the family court ruled that Vermont could exercise jurisdiction under the Uniform Interstate Family Support Act (UIFSA), 15B V.S.A. § 201(3), (6), because mother had resided in Vermont with the child and the child was conceived in Vermont. The court further ruled that Vermont's jurisdiction had not been ousted under 28 U.S.C. § 1738B because of the residence of mother and the child in Florida for over six months. The court remanded to the magistrate to determine whether to exercise jurisdiction.

¶ 5. Although both parties brought the history of the proceedings to the attention of the court, there is no indication that mother argued to the family court that it could not take jurisdiction over the petition because of the preclusive effect of the divorce petition or the cancellation of the 2001 child-support hearing. In fact, the judge stated: "Other than the federal statute which does not apply, [mother] has cited no law which bars Vermont's jurisdiction over the child support matter."

¶ 6. On remand, the magistrate decided to exercise jurisdiction, despite the fact that mother initiated a child-support proceeding in

Florida after the remand. Mother moved to reconsider, for the first time explicitly arguing that the January 2002 decision to cancel the child-support hearing because Vermont had no jurisdiction to make a child-support order precluded the magistrate from acting. The magistrate denied the motion, and the dispute turned to the issue of retroactivity of any support award. Father sought no retroactivity, and mother argued for a child-support order beginning on January 1, 2002, shortly after the divorce was granted. The magistrate adopted mother's position. Father appealed to the family court on the retroactivity issue; mother did not appeal.

¶ 7. On appeal, the family court ruled that the child-support order could be retroactive to a date on or after August 1, 2003, the date on which father filed the motion to establish child support, and remanded to the magistrate to set the date. On remand, the magistrate set the commencement date on August 1, 2003 and calculated the arrearage accordingly. Mother appealed from the order of the family court on retroactivity and the follow-up order of the magistrate calculating the arrearage.

¶ 8. On appeal, mother's first argument is that the family court was precluded from issuing a child-support order because of the allegation in the divorce complaint that jurisdiction over matters relating to the child "remain vested in New York" and the order of the family court cancelling the child-support hearing because Vermont "does not have jurisdiction over the child." Mother argues that consideration of child support is barred by claim preclusion and a stipulation of no jurisdiction that resulted from the language of the divorce complaint and its admission by mother. As we said above, the family court never addressed these arguments. Except in a motion to reconsider made well after the family court had already found jurisdiction, we can find no instance where mother made these arguments to the family court. Even if the motion for reconsideration could be considered to have preserved the issue, mother failed to appeal the denial of the motion to the family court judge. See *Williams v. Williams*, 158 Vt. 574, 577, 613 A.2d 200, 202 (1992) (under 4 V.S.A. § 465, "order of the magistrate is appealable . . . to the family court, not to this Court"). Failure to raise an issue in the family court precludes mother from raising it on appeal. See *Adams v. Adams*, 2005 VT 4, ¶ 15, 177 Vt. 448, 869 A.2d 124. Because this argument was not preserved, we do not consider it.

¶ 9. Mother has not appealed the validity of the family court's jurisdictional ruling other than arguing that the court was precluded from making the ruling. Thus, by rejecting the preclusion arguments for lack of preservation, we affirm the family court's decision that it had jurisdiction to make a child-support order in this case.

¶ 10. Mother's second argument on appeal is that father's child-support obligation must be made retroactive to the birth date of the child, September 23, 2000.[*] Father maintains that while a parent cannot waive a child's right to future child support, a parent can waive the right to past child support prior to an order establishing the support obligation. As the family court judge below noted, "[t]he issue is . . . whether — and how far back — retroactive support may be ordered when an initial child support order is first established."

¶ 11. The facts of this case are unique because the noncustodial parent is proactively seeking establishment of a child-support obligation and the customary determination of an initial support obligation was bypassed because neither party sought an order at the time of the divorce and the family court concluded that it did not have jurisdiction. The lack of an initial child-support order of any kind in this case suggests a limited scope for our decision.

¶ 12. Two lines of cases are relevant to our decision. The first, relied upon by the family court, involves the date of retroactivity of child-support orders, primarily in modification cases. We first held that modification of a child-support obligation could be retroactively applied in *Towne v. Towne*, 150 Vt. 286, 552 A.2d 404 (1988). In determining "the appropriate effective date for such retroactive modification," we held that "modification may be allowed as of any reasonable date on or after the date of filing of the motion to amend the support order, within the sound discretion of the trial court." *Id.* at 288, 552 A.2d at 405. In *Towne*, the noncustodial parent sought to retroactively reduce the child-support obligation in light of changed circumstances. In *Viskup v. Viskup*, 150 Vt. 208, 552 A.2d 400 (1988), by contrast, the noncustodial parent originally was not required to pay support, but a change in the applicable law made support available, and the

---

[*] Mother argued before the magistrate and the family court judge that child support should be retroactive to January 1, 2002, shortly after the divorce order was entered. Mother did not preserve the argument that she makes to this Court.

custodial parent moved to establish support by way of a motion to modify under 15 V.S.A. § 660. We held that the Legislature intended to permit "modification" of a support obligation even when there was no existing order. *Id.* at 210, 552 A.2d at 401-02. Then, citing *Towne*, we held that the support order could be made retroactive to the date of the motion seeking to establish the support obligation. *Id.* at 212, 552 A.2d at 403. We noted that the decision to set the date was discretionary and that "the trial court is not required, as a matter of law, to settle on any one, individual date." *Id.* at 213, 552 A.2d at 403. Finally, in *Klein v. Klein*, 153 Vt. 551, 572 A.2d 900 (1990) (*Klein II*), the original child-support order required no payment to the custodial parent, but instead required father to give one child an allowance and to maintain insurance for all the children. See *Klein v. Klein*, 150 Vt. 466, 477-78, 555 A.2d 382, 389 (1988) (*Klein I*). We struck down the order in *Klein I*, requiring an order that directed that child support be paid to the mother. In *Klein II*, we again held that "the court can modify retroactively to the date of the motion," and indicated that "[w]e see no reason to have a different rule when the request before the court is to establish an initial support order rather than modifying an existing order." *Klein II*, 153 Vt. at 556, 572 A.2d at 903.

¶ 13. The second line of cases limits the power of parents to make decisions about child support on behalf of the children. Thus, in the leading case of *White v. White*, 141 Vt. 499, 503, 450 A.2d 1108, 1110 (1982), we said with respect to child support that "[w]hile divorcing parents may in some cases bind themselves in contract on matters involving their children . . . they cannot thus withdraw the interests of those children, who are not parties to that contract, from the continuing jurisdiction of the court." (citations omitted). Shortly thereafter, in *Lyon v. Lyon*, 143 Vt. 458, 462, 466 A.2d 1186, 1188-89 (1983), in response to the claim that the custodial parent was guilty of laches in failing to enforce a child-support order or reduce an arrearage to a judgment, we held that the parent's inaction does not bind the child for whose benefit the child-support order is made. See also *Stein v. Stein*, 173 Vt. 627, 629, 800 A.2d 460, 463 (2002) (mem.) (parent cannot waive right to support arrears on child's behalf); *St. Hilaire v. DeBlois*, 168 Vt. 445, 448, 721 A.2d 133, 135-36 (1998) (noting that "parent may not waive [child-support] payments on behalf of the dependent children"); *Grimes v. Grimes*, 159 Vt. 399, 404, 621 A.2d

211, 213 (1992) (explaining that Court has been "unwilling to find a parent's inaction to be a waiver of a child's support rights"). The general principle behind these decisions is that the child's right to child support cannot be waived by a parent's action or inaction.

¶ 14. In making its order in this case, the family court drew from the first line of cases, but not the second. It felt bound by *Viskup* and *Klein II* to limit retroactivity to the period after father brought the motion to establish a support order. We conclude that neither of those precedents require this result and that this case is controlled instead by the second line of decisions, as well by the principles underlying current statutes.

■ ¶ 15. Although the trial court in *Viskup* established a right to child support after the conclusion of divorce proceedings, that case deals with modification of a preexisting order made possible by a change in the law, and thus is distinguishable from the case at bar. Thus, *Viskup* implements our ruling in *Towne* that modification can go back only to the date modification is sought, a holding now codified in 15 V.S.A. § 660(e).

¶ 16. *Klein II* is an initial-establishment case, but the retroactivity in that case arose from the reversal of the court's child-support provision contained in the original divorce order. See *Chaker v. Chaker*, 155 Vt. 20, 30, 581 A.2d 737, 743 (1990). Thus, the effect of the holding in *Klein II* was that retroactivity could be dated from the time of the filing of the divorce petition. Our reference to a consistent policy interest underlying the retroactivity of a support modification and the retroactivity of an initial support award must be seen in that context. As a result, we do not believe that *Klein II* controls this case, and it is misleading to state that the policy concerning the retroactivity of initial support awards should always be identical to the policy for modification awards.

■ ¶ 17. In fact, this case demonstrates that those policies must be different in some instances. A modification of child support must be initiated by a motion from a party; irrespective of the interests of the child, no modification can occur without such a request. 15 V.S.A. § 660(a). This initiation requirement is an exception to the general policy that parents cannot waive child support for their children, and it is consistent with the exception that retroactivity cannot go back before the date of the motion to modify. See *id.* § 660(e).

■ ¶ 18. Parents do not control the initial child-support order in divorce cases. Under 15 V.S.A. § 658(a), the family court was required to include a child-support order as part of the adjudication of the divorce proceeding. See 15 V.S.A. § 658(a) (child-support order required in action "under [chapter 11]," which includes divorce). This requirement is consistent with the general policy that parents cannot waive child support for their children.

¶ 19. The statutory command that the court establish a child-support order as part of the divorce adjudication would have been followed in this case except for the decision of the family court that it did not have jurisdiction to do so. The order on appeal before us superseded that 2002 decision and determined that the family court did have subject matter jurisdiction. In essence, this later order overruled the 2002 decision and demonstrated that it was wrong. In absence of the error, there would have been a child-support order in effect in 2002.

¶ 20. It is also clear that the 2002 decision was influenced by the position of the parents that they did not want a child-support order. In essence, by asserting a jurisdiction barrier in Vermont, and not seeking a child support order in New York or Florida, the parties waived the child's right to child support. This result is at variance with our policy that such a parental waiver is ineffective and cannot control the date on which the child support will commence.

■ ¶ 21. Under these circumstances, we hold that an order initially establishing child support in a divorce case may be retroactive to the date that the divorce petition is filed even if there is a gap between the divorce order and the support order and/or between the divorce petition and any request of a party for a support order. By filing the divorce petition, father knew or should have known that he would be subject to a child-support order whether he desired it or not. Our retroactivity decision is consistent with the requirement for a child-support order in a divorce adjudication as specified in 15 V.S.A. § 660(a).

¶ 22. Therefore, in this case, the child-support order could be retroactive to July 9, 2001, the date the divorce petition was filed. The family court erred in holding that retroactivity could back only to the date that father filed his motion to establish child support, August 1, 2003.

■ ¶ 23. As we have emphasized, this early retroactivity date merely establishes the outer limit on the discretion of the court.

See *Klein II*, 153 Vt. at 556, 572 A.2d at 903. The exercise of this discretion must be based on the circumstances of the parties during the period for which retroactivity could be imposed. *Id.* Here, the magistrate made no finding of these circumstances. In addition, mother sought retroactivity only to January 1, 2002, approximately the date the family court would have issued a child-support order absent its erroneous decision that it had no jurisdiction to do so. While she cannot control the child's right to child support, her lack of preservation is a factor for the magistrate to consider.

¶ 24. We reverse the family court decision that retroactivity can extend no further back than the date of the motion to establish child support and remand for the child-support magistrate to exercise its discretion to choose the date of retroactivity within the limits described by this decision.

*Affirmed in part and remanded for further proceedings consistent with the views expressed herein.*