925 A.2d 996 (2007)
2007 VT 21
Margaret COYLE
v.
Mark COYLE.
No. 06-059.
Supreme Court of Vermont.
March 14, 2007.
*997 Present: REIBER, C.J., and DOOLEY, JOHNSON, SKOGLUND and BURGESS, JJ.

ENTRY ORDER
¶ 1. Father appeals the family court's denial of his motion to modify child support based on a lack of real, substantial and unanticipated change of circumstances. He argues that the court erred by failing to recognize that any existing support order that varies more than ten percent from the guideline amount is a per se change of circumstances, thus entitling the parties to consideration of a motion to modify such an order. We reverse.
¶ 2. The parties are parents of three minor children. After mother filed for divorce in April 2001, a hearing was held before a magistrate to establish child support. The magistrate found that the guideline amount of child support was $1,189.75 per month to be paid by father. However, because the parties agreed that the guideline amount was insufficient to meet the needs of the children, and after considering the statutory factors for deviating from the guideline amount, the magistrate ordered child support of $1,700 per month, an amount father was "reluctantly willing" to pay. In the January 2003 divorce order, the court continued child support at this previously determined level.
¶ 3. Father moved for modification of child support in July 2004. After two days of hearings before the magistrate on father's motion in March and April 2005, the magistrate made findings concerning the parties' incomes for 2004 and 2005. The magistrate determined that father's guideline child support obligation was $764.53 per month as of March 1, 2005. The magistrate concluded that, because the existing obligation of $1,700 per month was more than a ten-percent deviation from the guideline amount, father had met his burden of demonstrating a real, substantial, and unanticipated change of circumstances. See 15 V.S.A. § 660(b) ("A child support order . . . which varies more than ten percent from the amounts required to be paid under the support guideline, shall be considered a real, substantial and unanticipated change of circumstances."). The magistrate ordered that father pay the guideline amount of support as of July 2004. Mother appealed to the family court.
¶ 4. Mother's appeal questioned whether the magistrate erred by finding a change of circumstances and challenged various specifics of the magistrate's income and child support calculations. The family court considered whether the jurisdictional prerequisite of a real, substantial and unanticipated change of circumstances had been met.[*] Reviewing the financial findings *998 of the magistrate, the family court determined that there was no actual change in the parties' circumstances since the time of the divorce order. The court then discussed the merits of allowing a ten-percent deviation from the guidelines to constitute a change of circumstances warranting consideration of a modification when that deviation was contemplated by the previous support order and even agreed to by the parties. Finding a modification under such circumstances "per se unfair to the children and to the oblige[e]," the court reversed the magistrate. Father appealed, contending that the family court misapplied § 660(b).
¶ 5. The family court concluded that the magistrate's modification of child support was legal error in the absence of an actual change of circumstances. We review the family court's conclusions of law de novo. Miller v. Miller, 2005 VT 89, ¶ 10, 178 Vt. 273, 882 A.2d 1196.
¶ 6. A child support order may be modified only "upon a showing of a real, substantial and unanticipated change of circumstances." 15 V.S.A. § 660(a). This change of circumstances "is a jurisdictional prerequisite to modification of a child support order." Harris v. Harris, 168 Vt. 13, 17, 714 A.2d 626, 629 (1998). The statute enumerates several events that are per se changes of circumstances, including when a support order "varies more than ten percent from the amounts required to be paid under the support guideline." 15 V.S.A. § 660(b). Such a deviation from the guidelines "shall be considered a real, substantial and unanticipated change of circumstances." Id. Once the jurisdictional requirement is met, the court can modify an order regardless of whether it was based on an agreement by the parties. C.D. v. N.M., 160 Vt. 495, 498, 631 A.2d 848, 850 (1993). Additionally, parties may not waive their ability to move for modification of child support under § 660(b). Grimes v. Grimes, 159 Vt. 399, 405, 621 A.2d 211, 214 (1992). Such waivers are unenforceable because an agreement between the parents cannot determine the interests of the children and because the guideline system is intended to promote uniform awards that reflect the needs of the children. Id. Following Grimes, we have interpreted § 660(b) as providing jurisdiction to modify child support whenever an order deviates more than ten percent from the guidelines, regardless of whether the order deviated by more than ten percent at the time it went into effect or whether any actual change in circumstances had since taken place. See, e.g., Clark v. Clark, 172 Vt. 351, 353-54, 779 A.2d 42, 45 (2001) (declining to reach question of whether there was an actual change in circumstances when child support order previously agreed to by the parties was more than a ten-percent deviation from the guidelines).
¶ 7. The family court suggested that our current interpretation of § 660(b) creates a potential for abuse: noncustodial parents could agree to pay child support which exceeds the guidelines one day only to return to court the next with a motion to modify based on the percentage difference between the stipulated amount and the guideline calculation. Courts in some *999 other jurisdictions have interpreted rules similar to § 660(b) in a manner that attempts to avoid this potential evil. See, e.g., Flannery v. Flannery, 950 P.2d 126, 132 (Alaska 1997) (holding that a rule presuming a change of circumstances when the amount of child support ordered deviates more than fifteen percent from what would be owed under a current application of the guidelines does not apply if obligor agreed to the deviation). In arriving at our interpretation, we found that other policy considerations support application of § 660(b) in all cases, even those in which the deviation is agreed to by the obligor. These policy considerations include promoting uniformity of awards and avoiding the practical difficulty and litigation of collecting clearly excessive awards, even when such an award is the product of an obligor's stipulation. Grimes, 159 Vt. at 406, 621 A.2d at 214. Furthermore, because this understanding of § 660(b) has been established, we find the doctrine of stare decisis controlling. See State v. Berini, 167 Vt. 565, 566, 701 A.2d 1055, 1056 (1997) (mem.) ("While not slavish adherents to stare decisis . . . we generally require more than mere disagreement to overturn a decision, particularly one of such recent vintage."). For these reasons, we reverse the family court's conclusion that the magistrate could not consider a child support modification when the support order deviated more than ten percent from the guideline amount but there had been no actual change of circumstances.
Reversed and remanded to the family court for consideration of the other, nonjurisdictional issues raised in mother's appeal of the magistrate's decision.
NOTES
[*] Mother argues that the family court's decision was not based on a jurisdictional question at all but rather on considerations of fairness to the children and parties under 15 V.S.A. § 659. Mother's contention is based on the court's summarizing statement that the reduction of support was "unfair" to the children and to mother. However, the court's decision considers the fairness of applying § 660(b) only when there had been no actual change in circumstances. Nowhere does the court make an evaluation of the factors specified in § 659 that would lead to a conclusion of fairness under that section. See Smith v. Stewart, 165 Vt. 364, 372-73, 684 A.2d 265, 270-71 (1996) (reversing order deviating from guidelines when court failed to show that it considered factors specified in § 659 and all other relevant factors). We thus treat the family court's decision as jurisdictional.