2015 VT 78

# Christine LaMothe v. Christopher LeBlanc

[124 A.3d 817]

No. 14-227

Present: **Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.**

Opinion Filed June 12, 2015

simply no basis in the record to support that claim. If anything, it flies in the face of common experience.

*Priscilla B. Dubé* and *Franklin L. Paulino* of *Bergeron, Paradis & Fitzpatrick, LLP*, Burlington, for Plaintiff-Appellee.

*Christopher L. LeBlanc*, Pro Se, Williston, Defendant-Appellant.

¶ 1. **Reiber, C.J.** In a second appeal to this Court, father argues that the magistrate and the family division of the superior court erred on remand by not awarding him a credit for the entire lump-sum derivative Social Security Disability Insurance (SSDI) benefit given to mother as representative payee for the parties' son, by not imputing income to mother, and by granting mother a deviation from the child-support guidelines calculations. We affirm.

¶ 2. The facts of this case are set forth in detail in our first decision, *LaMothe v. LeBlanc (LaMothe I)*, 2013 VT 21, 193 Vt. 399, 70 A.3d 977. This is a parentage action in which the family court, in a 2006 order based on the parties' stipulation, assigned physical rights and responsibilities to mother and ordered father to pay mother $175 per month in child support. Because the new order contemplated that the minor child would spend well over thirty percent of nights with father, the parties stipulated to a new child-support order pursuant to the shared custody guidelines. In November 2008, after father was disabled in a motor vehicle accident, the family court issued a modified child-support order, again based on the parties' stipulation, that did not require either party to pay child support. In November 2010, mother, as representative payee, received from the Social Security Administration a $4370 lump-sum derivative disability benefit for the parties' son representing a twenty-three-month period between when father applied for and was granted the derivative benefit. The ongoing derivative benefit was initially $190 per month and has increased modestly since then.

¶ 3. In December 2010, father filed a motion asking the family court to require mother to pay him monthly child support from the monthly derivative benefit she was receiving and to apply the lump-sum derivative benefit that she received toward his share of uninsured dental bills for the minor child's braces. He also asked the court to impute income to mother. Both the magistrate and the family court on appeal denied father's motion in all respects, and he appealed to this Court. In *LaMothe I*, we held that "in the absence of a deviation from the guidelines calculation, father is entitled to an award of child support in the amount of the credit to him for the derivative benefit payment to mother less his child support obligation pursuant to the guidelines." 2013 VT 21, ¶ 36. Accordingly, we remanded the matter for the magistrate to "complete its consideration of mother's deviation request before issuing a new child support order." *Id.* ¶ 36 n.11. As for the lump sum, we directed the magistrate on remand to "ensure that mother applies the lump sum toward father's share of the [$5780] dental bill." *Id.* ¶ 41. Finally, we upheld the magistrate's decision not to impute income to mother, concluding that the record supported the magistrate's finding that mother was not voluntarily underemployed. *Id.* ¶ 43.

¶ 4. On remand, the magistrate again found mother not to be voluntarily underemployed and made several guidelines calculations for various periods between 2010 and 2013. After crediting father for the monthly derivative benefit that mother received during those periods, the magistrate arrived at monthly amounts between $100 and $150 that mother owed father under the guidelines. After examining the factors contained in 15 V.S.A. § 659(a), the magistrate deviated from the guidelines and ordered that neither party be required to pay child support to the other from December 2010 on. The magistrate also ruled, pursuant to this Court's remand order, that father was entitled to a credit out of the $4370 lump-sum derivative benefit for his payment of one-half of the minor child's dental bills. Accordingly, the court ordered mother to pay father $50 per month, beginning in March 2014, until the $2890 credit was satisfied.

¶ 5. Father appealed to the family court, which upheld the magistrate's decision in all respects. On appeal to this Court, father principally argues that the magistrate erred by not awarding him the entire $4370 lump-sum derivative benefit, by not finding mother voluntarily underemployed, and by deviating from

the guidelines. Our review is based on the record before the magistrate. See 4 V.S.A. § 465 (allowing appeal from magistrate decision "on the record" to family division); V.R.F.P. 8(g)(4) (stating that appeals to family division are "on the record"). We give deference to the magistrate's factual findings, and will affirm "if the conclusions of law are supported by the findings." *Tetreault v. Coon*, 167 Vt. 396, 399-400, 708 A.2d 571, 574 (1998). We review de novo the family court's conclusions of law. *Coyle v. Coyle*, 2007 VT 21, ¶ 5, 181 Vt. 583, 925 A.2d 996 (mem.).

¶ 6. We first address father's arguments regarding the lump-sum derivative benefit. According to father, the magistrate erred by not crediting him for the entire $4370 and thus not requiring mother to pay him $4370 rather than the $2980 representing half of the child's dental bills. Father reasons as follows. He and mother have nearly equal time with the minor child, and both have an obligation to support the child in their respective households. The zero child-support order in effect during the period in which the lump sum accrued reinforced the fact that neither parent was entitled to child support from the other parent. By ordering mother to pay him back only $2980 of the $4370 lump sum, father contends, the magistrate effectively retroactively modified the zero child-support order in effect during the period covered by the lump-sum award by requiring him to pay mother $1390 in child support for that period.

¶ 7. ■ We disagree. In *LaMothe I*, we held that the lump-sum derivative benefit must be "credited toward father's child support obligations, including those relating to health expenses," 2013 VT 21, ¶ 40, and, accordingly, ordered the magistrate on remand to "ensure that mother applies the lump sum toward father's share of the dental bill," *id.* ¶ 41. In so holding, we relied on our previous decision in *Louko v. McDonald*, 2011 VT 33, ¶ 1, 189 Vt. 426, 22 A.3d 433, where we held that "a retroactive Social Security disability lump-sum benefit payment, paid directly to the children of a worker, may offset a child support arrearage." In *Louko*, we rejected the Office of Child Support's argument that applying a lump-sum derivative benefit as a credit against child support arrearages would be an unlawful retroactive modification of a preexisting child-support order. *Id.* ¶¶ 7, 12, 16; see 15 V.S.A. § 660(e) ("An order may be modified only as to future support installments and installments which accrued subsequent to the date of notice of the motion to the other party or parties."). We

reasoned that retroactively crediting a lump-sum derivative benefit against child-support arrearages stemming from a previous order is not the same as retroactively modifying the order. *Louko*, 2011 VT 33, ¶ 15.

¶ 8. ■ Here, on remand, the magistrate applied the lump sum to father's $2890 share of the minor child's dental bill, as required by our remand order. Apart from sharing medical expenses, there was no child-support obligation in place during the period covered by the lump-sum payment. Thus, this case is fundamentally distinct from *Louko*, where the arrearages stemmed from a preexisting child-support obligation. Notwithstanding the parties' shared-custody situation, father is not entitled to a credit against an obligation that did not exist during the relevant period. See *Rathbone v. Corse*, 2015 VT 73, ¶¶ 16-17, 199 Vt. 364, 124 A.3d 476 (holding that father is "entitled to credit the SSDI derivative benefit mother received on behalf of the parties' child against his prior child-support obligation," but recognizing "that where an SSDI derivative benefit exceeds the amount of a child-support obligation, the difference between the two should be considered as a gratuity for the child"); *LaMothe I*, 2013 VT 21, ¶ 22 (acknowledging that "the Vermont courts do not have the authority to order the SSA to divert a portion of the derivative benefit" to parent receiving SSDI benefit where derivative benefit exceeds that parent's obligation).

¶ 9. In this case, the magistrate credited the $4370 lump-sum benefit against father's total court-ordered obligation during the period covered by the lump sum, which was $2890. In short, father was credited to the full extent of his existing obligation under the then-applicable order. If we were to require mother to reimburse father for the full lump-sum derivative benefit beyond his support obligation for the period covered by the lump-sum benefit, we would, in effect, be retroactively modifying the child-support award, in violation of § 660(e). Accordingly, father is not entitled to the amount by which the lump sum exceeded the court-ordered support obligation in place during the period in question — that is, the $1480 in excess of the $2890 father was obligated to pay for dental bills.

¶ 10. ■ Next, we consider father's argument that the magistrate erred by not finding mother voluntarily underemployed. As noted, this Court in *LaMothe I*, given the record before us,

upheld the magistrate's discretionary decision not to impute income to mother on the basis that she was voluntarily underemployed. 2013 VT 21, ¶ 43. On remand, both the magistrate and the family court declined once again to impute income to mother on this basis. Once again, we uphold that determination, which is primarily factual in nature. *Id.* ¶ 42 ("The determination of whether a party is voluntarily unemployed or underemployed . . . [is] primarily factual, and we will uphold the magistrate's findings if they are supported by sufficient evidence.").

¶ 11. ■ The magistrate made the following findings regarding mother's income. Mother did not graduate from high school and had an annual income over the previous years between $14,000 and $18,000 made up of a combination of earnings and unemployment compensation. Even in years that she worked full-time, her income did not exceed these amounts. Since the magistrate's earlier determination in March 2011 that mother was not underemployed, mother (1) worked in 2011 approximately thirty hours per week at one job supplemented by a second job at a bar; (2) was employed for the entire year in 2012, but not for a full forty-hour week; and (3) worked in 2013 until the company she worked for closed its business. At the time of the hearing before the magistrate on remand, mother was collecting unemployment compensation, working part-time at a bar, and searching for work. Based on these findings, the magistrate declined to find that mother was voluntarily underemployed. The family court upheld the magistrate's decision not to impute income to mother based on her being voluntarily underemployed. We agree that the record supports the magistrate's decision.

¶ 12. ■ Father's third principal argument is that the magistrate erred by granting mother a deviation from the child-support guidelines calculations. "Section 659(a) [of Title 15] creates a rebuttable presumption that the amount reflected in the child-support guidelines is the amount of support needed by the children." *Tetreault*, 167 Vt. at 405, 708 A.2d at 578. "To rebut this presumption and deviate from the guideline amount when calculating an order of support, the court must determine that application of the guidelines would be unfair to the child or any of the parties." *Id.* "To make a finding that application of the guidelines would be 'unfair' the court must consider all of the relevant factors, including the nine factors specified in the stat-

ute." *Id.* The factors listed in the statute are: (1) the financial resources of the parties' child; (2) the custodial parent's financial resources; (3) the standard of living that the child would have enjoyed if the parties' relationship had continued; (4) the child's physical and emotional condition; (5) the child's educational needs; (6) the noncustodial parent's financial resources and needs; (7) inflation; (8) the costs of either parent's educational needs if those costs are incurred to increase that parent's earning capacity; (9) travel-related expenses incurred in exercising parent-child contact; and (10) any other factors that the court finds to be relevant. 15 V.S.A. § 659(a).

¶ 13. As noted, the magistrate determined under the guideline calculations that mother owed father between $100 and $150 per month after crediting father for the monthly derivative benefit received by mother. The magistrate deviated from those calculations, however, concluding that neither party should pay the other child support, considering all of the relevant factors. The magistrate addressed each of the factors listed in § 659(a), but ultimately decided to deviate from the guidelines based primarily on the disparity in the standard of living in the parties' respective households. While mother had minimal income and lived in a twenty-two-year-old mobile home that had fallen into disrepair, father enjoyed a far higher standard of living, in part due to his access to his wife's income and assets. The magistrate also noted that father had free use of a vehicle and a cell phone from his former business, now owned by his wife. The reality, according to the magistrate, is that when the parties' son is with father at father's 3500-square-foot home, he enjoys a significantly higher standard of living than when he is with mother. The magistrate concluded that not deviating from the guidelines would be unfair because father had the ability to provide support for the parties' child in his home without support from mother, while mother was "in no position to provide support to [father] and would jeopardize her own household and [the child's] home if she were to have any obligation of support." The family court upheld the magistrate's deviation ruling and rejected each of father's objections to that ruling.

¶ 14. ■ Father argues on appeal to this Court that the magistrate and family court erred by: (1) focusing on his standard of living rather than on the standard of living that the child would have had if the parties had remained married; (2) factoring in

resources from his wife without considering the support provided by mother's boyfriend; and (3) relying on his wife's income and assets. We find no error. The magistrate did not consider the income or assets of father's wife in making its guidelines calculations. But it was proper for the magistrate to consider all of the resources available to father and, concomitantly, the standard of living at his home in determining whether a guideline-based child-support award would be fair. The magistrate's consideration of wife's income and assets was not relevant to the factor regarding the standard of living that the parties' child would have enjoyed had the parties remained together, *id.* § 659(a)(3), but it was relevant to the financial resources available to father, *id.* § 659(a)(2), (6), and the magistrate was entitled to consider any other factor that it found relevant in determining whether it would be unfair not to deviate from the guidelines, *id.* § 659(a)(10). The magistrate also specifically addressed the contribution of mother's boyfriend to her household, but nonetheless concluded that mother still could not afford to pay father child support and that it would be unfair to require her to do so. We uphold that determination.

¶ 15. Finally, father briefly challenges the magistrate's guidelines calculations, suggesting that the magistrate erred by crediting mother for care of another dependent child who was in the custody of the Department for Children and Families and by including, as part of father's income, derivative benefits received by father for his other dependent children. The first claim of error is essentially a challenge to the magistrate's findings concerning the time mother cared for her other dependent children, which were supported by the evidence. Moreover, both claims of error concern the magistrate's guidelines calculations, from which the magistrate ultimately deviated. Because we are upholding the magistrate's deviation ruling, which was based on the conclusion that it would be unfair to require mother to pay father any child support under the circumstances, any error in the guidelines calculations is harmless. See V.R.C.P. 61 (stating that any error that does not affect substantial rights must be disregarded).

*Affirmed.*